Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian Kelsey (*Pro Hac Vice To Be Filed*)
bkelsey@libertyjusticecenter.org
Jeffrey M. Schwab (*Pro Hac Vice To Be Filed*)
jschwab@libertyjusticecenter.org
Senior Attorneys
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Few,<br><br>       Plaintiff<br><br>v.<br><br>United Teachers of Los Angeles; Los Angeles Unified School District; Xavier Becerra, in his official capacity as Attorney General of California,<br><br>       Defendants. | Case No.<br><br><br>**COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS** |

**INTRODUCTION**

1.     Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2.     Union dues deduction agreements signed in jurisdictions that required agency fees to be paid by non-union members before the Supreme Court's decision in *Janus* are no longer enforceable because employees who signed such agreements could not have waived their right to not join or pay a union freely because the Supreme Court had not yet recognized that right. Such employees must be freely given the choice either to join the union or not to join the union without paying agency fees to subsidize union advocacy.

3.     Plaintiff, Thomas Few, is a special education teacher employed by Defendant Los Angeles Unified School District ("LAUSD"). Prior to the Supreme Court's decision in *Janus* on June 27, 2018, Mr. Few was a union member of Defendant United Teachers of Los Angeles ("UTLA").

4.     UTLA is violating Mr. Few's First Amendment rights to free speech and freedom of association by refusing to allow him to withdraw his membership and by continuing to charge him union dues based solely on a union card Mr. Few signed before the *Janus* decision, which is now unenforceable.

5.     LAUSD is violating Mr. Few's First Amendment rights to free speech and freedom of association by continuing to withhold union dues from his paycheck, and, on information and belief, is transmitting those funds to Defendant UTLA, despite not having received freely given affirmative consent from Mr. Few to do so.

6.     The State of California is violating Mr. Few's First Amendment rights to free speech and freedom of association through its laws that authorize public schools to require employees to associate with labor unions and to require that those unions be the "exclusive representative" of all employees. Cal. Gov't Code §§ 3543, 3543.1.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

7.     Mr. Few, therefore, brings this case under 42 U.S.C § 1983, seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from his paychecks.

## PARTIES

8.     Plaintiff, Thomas Few, is a special education teacher employed by Defendant Los Angeles Unified School District. He resides in Ventura County, California.

9.     Defendant United Teachers of Los Angeles is a labor union headquartered at 3303 Wilshire Boulevard, 10th Floor, Los Angeles, California, 90010 in Los Angeles County.

10.     Defendant Los Angeles Unified School District is a public school system headquartered at 333 South Beaudry Avenue, Los Angeles, California, 90017 in Los Angeles County.

11.     Attorney General Xavier Becerra is sued in his official capacity as the representative of the State of California charged with the enforcement of state laws, including the provisions challenged in this case. His address for service of process is 300 South Spring Street, Los Angeles, California, 90013 in Los Angeles County.

## JURISDICTION AND VENUE

12.     This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

13.     Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Central District of California. 28 U.S.C. 1391(b)(2).

## FACTS

14.     Plaintiff, Thomas Few, has been a special education teacher in the Los Angeles Unified School District since August 2016.

15.     Mr. Few began work for LAUSD at Monroe High School. Due to low enrollment at Monroe High School, Mr. Few became a special education teacher at

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

Francisco Sepulveda Middle School in LAUSD in September 2016, where he currently works.

16.    When Mr. Few began his employment with LAUSD in August 2016, he joined UTLA. LAUSD allowed the union meeting to be held in a public school classroom with several new teachers present and watching, all of whom were informed by multiple UTLA representatives to join the union. When he joined UTLA, neither UTLA nor LAUSD informed him that he had the right not to join the union.

17.    On February 13, 2018, Mr. Few was again offered and signed a union membership card. Once again, he was not informed by UTLA or LAUSD of his right not to join the union.

18.    Later in 2018, Mr. Few learned that he had a legal right not to be a union member and to pay agency fees instead of full union dues. On or about June 2, 2018, Mr. Few sent a letter to the union asking to resign his membership and to become an agency fee payer.

19.    On June 27, 2018, the Supreme Court issued its decision in the *Janus* case.

20.    On July 13, 2018, UTLA responded to Mr. Few's resignation letter by rejecting it. UTLA stated that Mr. Few could not resign from the union until his resignation window, which was "not less than thirty (30) days and not more than sixty (60) days before" the anniversary of his union membership on February 13.

21.    After the Supreme Court issued its decision in *Janus*, Mr. Few learned that he had the right both not to be a member of the union and not to pay any money to the union. Mr. Few submitted a second resignation letter to UTLA on August 3, 2018, but UTLA did not bother to respond to Mr. Few's second letter.

22.    Mr. Few also sent a copy of the August 3, 2018 letter to LAUSD, but he did not receive a response from LAUSD either.

23.    On or about October 10, 2018, Mr. Few submitted a third letter to UTLA, explaining that the union agreement he had signed in February 2018 was invalid after the Supreme Court's decision in *Janus*. Mr. Few requested, once again, to resign from the union

and stop having its dues deducted from his paycheck. He pleaded that he may have to resort to legal action to uphold his constitutional rights, but his third letter was also denied because it was not received within the resignation window.

24.     LAUSD has deducted dues of approximately eighty-six dollars ($86) per month from Mr. Few's paychecks since he began employment in August 2016 and has remitted those dues to UTLA. LAUSD continues to deduct those dues, despite Mr. Few's repeated requests that it be stopped.

25.     Under California law, unions that wish to represent public school employees need only submit a request for recognition based on union membership cards signed by a simple majority of the relevant bargaining unit. Employers may not question whether the union legitimately represents the will of the employees. Cal. Gov't Code § 3544.1.

26.     Under California law, a secret ballot election is required only when multiple unions claim to represent the bargaining unit. Cal. Gov't Code § 3544.7. To qualify for the ballot, a union must have union cards signed by 30 percent of the bargaining unit. Cal. Gov't Code 3544.1(b).

27.     Once the exclusive representative is certified, only that union "may represent that unit in their employment relations with the public school employer." Cal. Gov't Code § 3543.1(a). An employee of the school district "shall not meet and negotiate with the public school employer." Cal. Gov't Code § 3543. The union then has the exclusive right to represent the employees as to "wages, hours of employment, and other terms and conditions of employment." Cal. Gov't Code § 3543.2(a)(1).

28.     The union's exclusive right to represent employees is not limited only to matters of employment but also expressly includes the right "to consult on the definition of educational objectives, the determination of the content of courses and curriculum, and the selection of textbooks." Cal. Gov't Code § 3543.2(3).

29.     Certified unions even have the right to access the workplace and use the employer's internal communications facilities to speak directly with employees. Cal. Gov't Code § 3543.1(b).

30.    Once a union has been certified, an employee, whether he agrees with the union's positions or not, "shall, as a condition of continued employment, be required either to join the recognized employee organization or pay the fair share service fee." Cal. Gov't Code § 3546.

31.    School districts must deduct dues from the paychecks of employees who have signed a written authorization and must remit those funds to the union. Cal. Gov't Code § 3543.1; Cal. Educ. Code §§ 45060 and 45168. A revocation of an employee's written authorization "shall be in writing and shall be effective provided the revocation complies with the terms of the written authorization." Cal. Educ. Code § 45060(a). Employee requests to cancel or change their dues deductions are to be directed to the union rather than the employer. Cal. Educ. Code §45060(e). Employers are instructed to rely on the union to determine which employees have authorized the deduction of dues and which have not. *Id.*

## COUNT I
**By refusing to allow Mr. Few to withdraw from the union and continuing to deduct his dues, LAUSD and UTLA are violating his First Amendment rights to free speech and freedom of association.**

32.    The allegations contained in all preceding paragraphs are incorporated herein by reference.

33.    Forcing a government employee to join a union or even to pay fees to a union violates that employee's First Amendment rights to free speech and freedom of association unless the employee "affirmatively consents" to waive the rights. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id.*

34.    The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. *Id.* at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

35.   42 U.S.C. 1983 provides a cause of action for both damages and injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

36.   Mr. Few does not affirmatively consent to remaining a member of UTLA or to his union dues being withheld by LAUSD.

37.   LAUSD is a state entity that is deducting dues from Mr. Few's paycheck under color of state law.

38.   UTLA is acting in concert with LAUSD to collect union dues from Mr. Few's paycheck without his consent and refuses to withdraw his union membership. In doing so, UTLA is acting under color of state law. UTLA is acting pursuant to an exclusive collective bargaining agreement negotiated with a state entity, is following the laws of the State of California in doing so, and is utilizing the state payroll system to exact its dues.

39.   UTLA and LAUSD have limited withdrawal from the union to an arbitrary 30-day period per year and insist that Mr. Few can only exercise his First Amendment rights at that time.

40.   The actions of UTLA and LAUSD constitute a violation of Mr. Few's First Amendment rights to free speech and freedom of association not to join or financially support a union without his affirmative consent.

41.   From August 2016 to February 13, 2018, because he was not given the option of paying nothing to the union as a non-member of the union, Mr. Few could not have provided affirmative consent to UTLA or LAUSD to have union dues deducted from his paycheck.

42.   From February 13, 2018 until he requested to be removed from the union on June 2, 2018, Mr. Few's consent to dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or the payment of union agency fees without the benefit of membership. *Janus*, 138 S. Ct. at 2486.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

43.     If Mr. Few's choice had been between paying eighty-six dollars a month in union dues or paying nothing, he would have chosen to pay nothing. Instead, Mr. Few was given the choice to pay eighty-six dollars a month in union dues or pay three quarters of that amount in union agency fees without receiving the benefits of the union. *Janus* made clear that this false dichotomy is unconstitutional. *Id.* Therefore, Mr. Few's consent, which was compelled by the false information given to him, was not given freely.

44.     From June 2, 2018, when Mr. Few expressly requested removal from the union, until now, Mr. Few clearly has not affirmatively consented to being a member of UTLA.

45.     Cal. Gov't Code § 3543.1 and Cal. Educ. Code §§ 45060 and 45168 give the union the authority to set the terms by which employees may join or withdraw from union membership. They permit union presentations at new employee orientations, implying that union membership is sanctioned by the school district. Under the color of this state law, UTLA has imposed an unconstitutional requirement that Mr. Few continue to pay membership dues unless he withdraws during a 30-day window set by the union.

46.     The deduction of dues and the setting of the opt-out schedule by the union under Cal. Educ. Code §§ 45060 and 45168 are, therefore, an unconstitutional abridgement of Mr. Few's right under the First Amendment not to be compelled to associate with speakers and organizations without his consent.

47.     Under 42 U.S.C. § 1983, Mr. Few is entitled to have Cal. Gov't Code § 3543.1 and Cal. Educ. Code §§ 45060 and 45168 declared unconstitutional for violating his First Amendment rights to free speech and freedom of association

48.     Mr. Few is entitled to an injunction under 42 U.S.C. § 1983 ordering UTLA immediately to withdraw his union membership.

49.      Mr. Few is entitled to an injunction under 42 U.S.C. § 1983 ordering LAUSD and UTLA immediately to stop deducting union dues from his paycheck.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

50.     Mr. Few is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to UTLA since the commencement of his employment in August 2016.

51.     In the alternative, Mr. Few is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to UTLA since he sent a letter to the union asking to resign his membership and to become an agency fee payer on June 2, 2018.

52.     In the alternative, Mr. Few is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to UTLA since the ruling in *Janus* on June 27, 2018.

## COUNT II
**The state law forcing Mr. Few to continue to associate with UTLA without his affirmative consent violates Mr. Few's First Amendment rights to free speech and freedom of association and 42 U.S.C. § 1983.**

53.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

54.     "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus*, 138 S. Ct. at 2463.

55.     For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning . . . a law commanding "involuntary affirmation" of objected-to beliefs would require "even more immediate and urgent grounds" than a law demanding silence." *Janus*, 138 S. Ct. at 2464 (2018) (quoting *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 633 (1943)).

56.     Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Knox v. SEIU*, 567 U.S. 298, 310 (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984)) (internal quotation marks omitted).

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

57.     In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus,* 138 S. Ct. at 2460

58.     California law expressly grants the union the right to speak on Mr. Few's behalf on matters of serious public concern, including the salaries and benefits received by school teachers, how school districts should deal with financial challenges, whether or not merit-based pay would improve educational outcomes for California's children, and even what curriculum those children should be taught. Cal. Gov't Code § 3543.2. These topics are inherently political questions in the context of public sector unions. *Janus*, 138 S. Ct. 2473.

59.     The State of California, through Cal. Gov't Code §§ 3543 and 3543.1, has authorized LAUSD to designate UTLA as Mr. Few's exclusive representative in negotiating the terms and conditions of his employment.

60.     Under color of state law, UTLA has acted as Mr. Few's exclusive representative in negotiating the terms and conditions of his employment.

61.     Under color of state law, LAUSD has negotiated the terms and conditions of Mr. Few's employment with UTLA.

62.     This designation compels Mr. Few to associate with the union and, through its representation of him, it compels him to petition the government with a certain viewpoint, despite that viewpoint being in opposition to Mr. Few's own goals and priorities for the State of California.

63.     The exclusive representative provisions of Cal. Gov't Code §§ 3543 and 3543.1; the requirement that Mr. Few join a union or support it with an agency fee under Cal. Gov't Code § 3546; the right of a union to control all negotiations regarding not only employment but curricula and other matters of policy under Cal. Gov't Code § 3543.2; the

prohibition against Mr. Few speaking for himself as an employee to his employer under Cal. Gov't Code § 3543.1(a); and all related provisions are, therefore, an unconstitutional abridgement of Mr. Few's right under the First Amendment not to be compelled to associate with speakers and organizations without his consent.

64.    Under 42 U.S.C. § 1983, Mr. Few is entitled to have Cal. Gov't Code §§ 3543, 3543.1, 3543.2, and 3546 declared unconstitutional for violating his First Amendment rights to free speech and freedom of association.

## PRAYER FOR RELIEF

Mr. Few respectfully requests that the Court:

a.    Declare that limiting the ability of Mr. Few to resign his union membership to a window of time is unconstitutional because he did not provide affirmative consent;

b.    Declare that Mr. Few's signing of the union card cannot provide a basis for his affirmative consent to waive his First Amendment rights upheld in *Janus* because such authorization was based on the unconstitutional choice between paying the union as a member or paying the union as a non-member;

c.    Declare that the practice by the Los Angeles Unified School District of withholding union dues from Mr. Few's paycheck was unconstitutional because Mr. Few did not provide affirmative consent for the school district to do so;

d.    Enjoin the Los Angeles Unified School District from deducting dues from Mr. Few's paycheck, unless he first provides freely given affirmative consent to such deductions;

e.    Enjoin United Teachers of Los Angeles from collecting dues from Mr. Few, unless he first provides freely given affirmative consent;

f.    Award damages against UTLA for all union dues collected from Mr. Few since the commencement of his employment;

g.    In the alternative, award damages against UTLA for all union dues collected from Mr. Few since June 2, 2018;

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

h.     In the alternative, award damages against UTLA for all union dues collected from Mr. Few after June 27, 2018;

i.      Declare that Mr. Few has a constitutional right not to be represented by a union as his exclusive representative without his affirmative consent;

j.      Enjoin the Attorney General from enforcing Cal. Gov't Code §§ 3543, 3543.1 3543.2, and 3546; Cal. Educ. Code §§ 45060 and 45168; and all other provisions of California law that provide for exclusive representation of and deduction of dues from employees who do not affirmatively consent to union membership;

k.     Enjoin UTLA from acting as the exclusive representative of Mr. Few; and

l.      Award any further relief to which Mr. Few may be entitled.

Dated: November 9, 2018

Respectfully submitted,

/s/ Mark W. Bucher
Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

/s/ Brian Kelsey
Brian Kelsey (Pro Hac Vice To Be Filed)
bkelsey@libertyjusticecenter.org
Jeffrey M. Schwab (Pro Hac Vice To Be Filed)
jschwab@libertyjusticecenter.org
Senior Attorneys
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS