SCOTT A. KRONLAND (SBN 171693)
skronland@altshulerberzon.com
P. CASEY PITTS (SBN 262463)
cpitts@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

*Attorneys for Defendant United Teachers Los Angeles*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FEW,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED TEACHERS LOS ANGELES, *et al.*,<br><br>    Defendants. | CASE NO: 2:18-cv-09531-JLS-DFM<br><br>**UTLA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  Dec. 6, 2019<br>Hearing Time:  10:30 a.m.[*]<br>Location:       Courtroom 10A<br><br>Hon. Josephine L. Staton |

---

[*] The parties have submitted a request to waive oral argument on their motions for summary judgment.

| Plaintiff's Facts | UTLA's Response |
|---|---|
| 1. Thomas Few has been a special education teacher employed by the Los Angeles Unified School District ("LAUSD") since August 2016. Joint Statement of Undisputed Facts, Dkt. 71 ("JSUF") ¶1. | Undisputed |
| 2. A true and correct copy of Few's September 8, 2016 UTLA membership application, which Few signed, is attached to the JSUF as Exhibit A.  JSUF ¶2. | Undisputed |
| 3. A true and correct copy of Few's February 13, 2018 updated UTLA membership application, which Few signed, is attached to the JSUF as Exhibit B.  JSUF ¶3. | Undisputed |
| 4. A true and correct copy of Few's June 2018 letter received by UTLA is attached to the JSUF as Exhibit C.  JSUF ¶4. | Undisputed |
| 5. A true and correct copy of UTLA's July 13, 2018 letter to Few, which Few received, is attached to the JSF as Exhibit D.  JSUF ¶5. | Undisputed |
| 6. On August 3, 2018, Few submitted another letter to both UTLA and LAUSD, which UTLA and LAUSD received.  A true and correct copy of Few's August 3, 2018 letter is attached to the JSUF as Exhibit E.  JSUF ¶6. | Undisputed |
| 7. On or about October 10, 2018, Few submitted a letter to UTLA, which UTLA received.  A true | Undisputed |

1

| | | |
|---|---|---|
| 1 2 3 | and correct copy of Few's October 10, 2018 letter is attached to the JSF as Exhibit F.  JSUF ¶7. | |
| 4 5 6 7 | 8. On October 19, 2018, UTLA sent a letter to Few, which Few received.  A true and correct copy of UTLA's October 19, 2018 letter is attached to the JSUF as Exhibit G.  JSUF ¶8. | Undisputed |
| 8 9 10 11 12 13 14 | 9. On or about November 21, 2018, UTLA sent Few a letter dated November 20, 2018, which Few received.  A true and correct copy of UTLA's November 20, 2018 letter is attached to the JSUF as Exhibit H.  UTLA included with the letter a check for $433.31 payable to Few.  JSUF ¶9. | Undisputed |
| 15 16 17 18 19 | 10.  The check for $433.31 reimbursed Few for all dues deducted from his pay from the beginning of June 2018 to October 31, 2018 (corresponding to the November 5, 2018 pay date), including interest.  JSUF ¶10. | Undisputed |
| 20 21 22 23 | 11.  LAUSD has not deducted any dues from Few's wages since October 31, 2018 (corresponding to the November 5, 2018 pay date).  JSUF ¶11. | Undisputed |
| 24 25 26 27 | 12.  On or about December 5, 2018, Few's counsel responded to UTLA with a letter acknowledging Few's receipt and deposit of the check provided by UTLA.  A true and correct | Undisputed |

28

| | | |
|---|---|---|
| | copy of the December 5, 2018 letter is attached to the JSUF as Exhibit I. JSUF ¶12. | |
| | 13. From the time he began his employment through October 31, 2018, LAUSD deducted union dues of approximately eighty-six dollars ($86) per month from Few's paychecks and remitted them to UTLA. JSUF ¶13. | Undisputed |
| | 14. Prior to the U.S. Supreme Court's decision in *Janus v. AFSCME, Council 31* on June 27, 2018, bargaining unit workers who were not UTLA members were required to pay fair-share fees to UTLA, pursuant to the Educational Employment Relations Act. LAUSD deducted fair-share fees from wages. Compulsory fair-share fees were less than membership dues. LAUSD stopped deducting, and UTLA stopped receiving, fair-share fees after *Janus*. JSUF ¶14. | Undisputed |
| | **Additional Uncontroverted Facts** | **Supporting Evidence** |
| | 15. LAUSD employees are not required to become members of UTLA as a condition of employment. | Declaration of Harry Mar in Support of UTLA's Motion for Summary Judgment, Dkt. 72-3 ("Mar Decl.") ¶2 |
| | 16. On September 8, 2016, Few elected to become a member of UTLA and signed an agreement authorizing the deduction of union | JSUF ¶2 & Ex. A; Mar Decl. ¶5 |

3

UTLA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, No. 2:18-cv-09531-JLS-DFM

| | | |
|---|---|---|
| | dues from his wages. | |
| | 17. On February 13, 2018, Few signed an updated UTLA membership card and dues authorization agreement. | JSUF ¶3 & Ex. B |
| | 18. The February 13, 2018 membership agreement Few signed provides: "I hereby request and voluntarily accept membership in UTLA and I agree to abide by its Constitution and Bylaws." | JSUF Ex. B |
| | 19. The February 13, 2018 dues authorization agreement Few signed provides: "I hereby (1) agree to pay regular monthly dues uniformly applicable to members of UTLA; and (2) request and voluntarily authorize my employer to deduct from my earnings and to pay over to UTLA such dues.  This agreement to pay dues shall remain in effect and shall be irrevocable unless I revoke it by sending written notice via U.S. mail to UTLA during the period not less than thirty (30) days and not more than sixty (60) days before the annual anniversary date of this agreement or as otherwise required by law. This agreement shall be automatically renewed from year to year unless I revoke it in writing during the window period, irrespective of my membership in UTLA." | JSUF Ex. B |
| | 20. As a member of UTLA, Few had access to | Mar Decl. ¶¶3, 5 |

4

UTLA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, No. 2:18-cv-09531-JLS-DFM

| | | |
|---|---|---|
| | membership rights and members-only benefits. | |
| 21. | Membership rights included the rights to vote in union officer elections, run for union office, and participate in the union's internal affairs. Members-only benefits included access to a Group Legal Services network of attorneys, training and scholarships, student debt clinics, mortgage and home services programs, insurance options, and discounts on a variety of items. | Mar Decl. ¶3 |
| 22. | On or about November 21, 2018, UTLA sent Few a letter dated November 20, 2018 confirming that UTLA considered Few to have resigned his membership as of June 4, 2018. | JSUF ¶9 & Ex. H; Mar Decl. ¶10 |
| 23. | Under the regular business practices of LAUSD and UTLA, no dues would be deducted from Few's wages in the future unless he voluntarily becomes a UTLA member and signs a new dues deduction authorization agreement. | Mar Decl. ¶11 |

5

UTLA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, No. 2:18-cv-09531-JLS-DFM

| | | |
|---|---|---|
| Dated:  November 8, 2019 | | Respectfully submitted, |
| | By: | */s/P. Casey Pitts* |
| | | P. Casey Pitts |
| | | SCOTT A. KRONLAND |
| | | P. CASEY PITTS |
| | | ALTSHULER BERZON LLP |
| | | IRA L. GOTTLIEB |
| | | BUSH GOTTLIEB, A Law Corporation |
| | | *Attorneys for Defendant* |
| | | *United Teachers Los Angeles* |