| | |
|---|---|
| 1 | BARRETT K. GREEN, Bar No. 145393 |
| | bgreen@littler.com |
| 2 | COURTNEY S. HOBSON, Bar No. 252322 |
| | chobson@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 2049 Century Park East |
| 4 | 5th Floor |
| | Los Angeles, CA  90067.3107 |
| 5 | Telephone: 310.553.0308 |
| | Facsimile:  310.553.5583 |
| 6 | |
| 7 | Attorneys for Defendant |
| | AUSTIN BEUTNER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FEW, | Case No.  2:18-cv-09531 JLS (DFMx) |
| Plaintiff, | **DEFENDANT AUSTIN BEUTNER'S OPPOSITION TO PLAINTIFF THOMAS FEW'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITED TEACHERS OF LOS ANGELES; AUSTIN BEUTNER, in his official capacity as Superintendent of LOS ANGELES UNIFIED SCHOOL DISTRICT; XAVIER BECERRA, in his official capacity as attorney General of California, | Date:  December 6, 2019<br>Time: 10:30 a.m.<br>Dept: 10A |
| Defendant. | |

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Thomas Few ("Few") has moved for summary judgment in this matter. Plaintiff did not specifically elaborate upon his claims against Defendant Austin Beutner in his Memorandum of Points and Authorities (Dkt. 73-1), and instead appears to focus his argument upon his disputes with UTLA. For the sake of clarity, Defendant Beutner submits this brief opposition as to the claims for prospective relief against him as asserted in Plaintiff's Notice of Motion (Dkt. 73).

As set forth in his Notice of Motion, it appears Plaintiff seeks declaratory and prospective injunctive relief against Defendant Austin Beutner, who is sued in his official capacity as Superintendent of the Los Angeles Unified School District (LAUSD). *See* Dkt. 73 at ¶¶ c, d.

Specifically, Plaintiff seeks to have the Court (1) declare that the practice by the alleged District of withholding union dues from Few's paycheck was unconstitutional because Few did not provide affirmative consent for [him] to do so; and (2) enjoin the District from collecting union dues from public employees like Few who request to end their dues deduction prior to an opt-out period delineated in a collective bargaining agreement. *See Id.*

For the reasons set forth below and in co-Defendant UTLA's Opposition to Plaintiff's Summary Judgment (Dkt. 77), the applicable portions of which Defendant Beutner hereby incorporates by reference, Plaintiff's claims for prospective relief are moot, and the Court accordingly lacks jurisdiction to consider the claims against Defendant Beutner.

With respect to Plaintiff's other claims, Defendant Beutner is simply a third party to the dispute between Plaintiff and UTLA. Because Plaintiff's other claims do not directly implicate the Superintendent, Defendant Beutner addresses the claims for prospective relief asserted against him herein.

## II.

## LEGAL ARGUMENT

**A.   Plaintiff's Claims For Prospective Relief Against Superintendent Beutner Are Moot, And The Court Lacks Jurisdiction To Consider These Claims.**

As set forth in detail in Defendant UTLA's Opposition to Plaintiff's Motion for Summary Judgment, at §1, pp. 4 – 7, Plaintiff's claims for prospective relief against Defendants UTLA and Beutner are moot. For brevity, Defendant Beutner hereby incorporates by reference UTLA's legal arguments regarding mootness.

Specifically, because it is undisputed that Plaintiff is no longer a union member and is thus no longer subject to dues deductions by UTLA and/or LAUSD, his claims for both prospective injunctive relief and declaratory relief against Defendant Beutner are moot.[1] *See* Joint Statement of Undisputed Facts (Dkt. 71 at ¶¶ 9-12). Plaintiff has not submitted any evidence indicating he intends to re-join the union.

This Court has already found claims for prospective relief to be moot under indistinguishable circumstances, as argued by UTLA as well. *See* UTLA's Opposition, Dkt. 77 at p. 4 (specifically *see Seager v. United Teachers Los Angeles*, 2019 WL 3822001 (C.D. Cal. Aug. 14, 2019), at *2; *Babb v. Cal. Teachers Ass'n*, 378 F.Supp.3d 857, 886 (C.D. Cal. 2019); *see also Mayer v. Wallingford-Swarthmore Sch. Dist.*, __ F.Supp.3d __, 2019 WL 4674397, at *3 (E.D. Pa. Sept. 24, 2019) ("[N]umerous courts have ruled that cases similar to this one" seeking prospective relief challenging dues deductions "are moot once the dues collection has ended."); *id.* at *3 n.27 (citing numerous cases). In a non-class action, a plaintiff may not keep a

---

[1] Although Plaintiff did not elaborate upon his claims for injunctive relief in his memorandum of Points and Authorities, those claims are moot for the same reasons as his claims for declaratory relief.

1 moot claim alive by arguing that a declaratory judgment might benefit others. *See*
2 *Lane v. Williams*, 455 U.S. 624, 634 (1982); *Golden v. Zwickler*, 394 U.S. 103, 109-
3 10 (1969).
4 Because Plaintiff has not shown that he intends to rejoin the union, his
5 claims that his allegations remain ripe for review must fail. *See* UTLA's Opposition
6 at pp. 4-5 (the capable-of-repetition-yet-evading-review doctrine only applies "where
7 … two circumstances [are] simultaneously present: (1) the challenged action is in its
8 duration too short to be fully litigated prior to its cessation or expiration, and (2) there
9 [is] a reasonable expectation that *the same complaining party* would be subjected to
10 the same action again." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)
11 (internal quotation marks, brackets, and citation omitted; brackets and emphasis
12 added); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (doctrine
13 "applies only in exceptional situations, and generally only where *the named plaintiff*
14 can make a reasonable showing that he will again be subjected to the alleged
15 illegality") (emphasis added); *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d
16 1011, 1019 (9th Cir. 2010) (doctrine "applies only where (1) the duration of the
17 challenged action is too short to allow full litigation before it ceases, *and* (2) there is a
18 reasonable expectation that *the plaintiffs* will be subjected to it again") (quotation
19 marks, citations omitted; emphases added).
20 Plaintiff's claims for prospective injunctive and declaratory relief are
21 moot. Because no exceptions to mootness apply, the Court therefore lacks jurisdiction
22 to consider the claims for prospective injunctive and declaratory relief asserted against
23 Defendant Beutner.
24
25
26
27
28

## III.

## CONCLUSION

For all the foregoing reasons, Defendant Austin Beutner respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment as to the claims asserted against him.

Dated: November 15, 2019  Respectfully submitted,

/s/ Barrett K. Green
BARRETT K. GREEN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
AUSTIN BEUTNER

4829-4815-3260.3 050758.1036