SCOTT A. KRONLAND (SBN 171693)
skronland@altshulerberzon.com
P. CASEY PITTS (SBN 262463)
cpitts@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

*Attorneys for Defendant United Teachers Los Angeles*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FEW,<br><br>         Plaintiff,<br><br>     v.<br><br>UNITED TEACHERS LOS ANGELES, *et al.*,<br><br>         Defendants. | CASE NO: 2:18-cv-09531-JLS-DFM<br><br>**REPLY IN SUPPORT OF UTLA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: Dec. 13, 2019<br>Hearing Time: 10:30 a.m.[*]<br>Location:     Courtroom 10A<br><br>Hon. Josephine L. Staton |

---

[*] The parties have submitted a request to waive oral argument on their motions for summary judgment.

UTLA'S REPLY ISO MOTION FOR SUMMARY JUDGMENT, No. 2:18-cv-09531-JLS-DFM

# REPLY MEMORANDUM

Plaintiff's opposition to UTLA's motion for summary judgment ("Pl. Opp."; Dkt. 76), raises arguments that UTLA already addressed in its opposition to Plaintiff's cross-motion for summary judgment. Accordingly, this reply will be brief.

## I. Plaintiff's Claim for Prospective Relief is Not Justiciable.

Even an "inherently transitory" claim for prospective relief will become moot unless (1) the case is brought as a class action or (2) there is a reasonable expectation that the same complaining party could be subject to the challenged action again. *See* UTLA Opp. to Pl.'s SJ Mot. ("UTLA Opp.") at 4-7 (Dkt. 77). This case is not a putative class action,[1] and Plaintiff does not contend that there is a reasonable expectation that he will be subject in the future to the actions he challenges. Therefore, his claim for declaratory relief does not present an Article III controversy.

Plaintiff relies on *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), for the proposition that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." Pl. Opp. at 5-6 (Dkt. 76). That is correct. But the Supreme Court nonetheless dismissed *Already* as moot because, as here, there was no reasonable possibility that the plaintiff again would be subject to the discontinued conduct. 568 U.S. at 102. Moreover, as Plaintiff recognizes, his dues commitment was limited in time and already expired on its own terms.

## II. The Union is Entitled to Summary Judgment on Plaintiff's Claim for Damages.

Plaintiff concedes that he has no claim for recovery of dues deducted after his June 4, 2018 resignation from UTLA because those dues already were refunded. Pl. Opp. at 12 (Dkt. 76). Therefore, his only live claim is for recovery of the dues he

---

[1] *Fisk v. Inslee*, 759 F.App'x 632, 633 (9th Cir. 2019), was "a putative class action."

1

paid while he was a UTLA member. This Court already rejected, in related cases, indistinguishable claims for a refund of membership dues, as has every other court to consider the same issue. *See* UTLA SJ Mot. at 2 & n.1 (Dkt. 72-1) (citing cases). The same claim also recently was rejected in *Oliver v. SEIU Local 668*, __ F.Supp.3d. __, 2019 WL 5964778 (E.D. Pa. Nov. 13, 2019). Plaintiff raises no new arguments.

**A.** Plaintiff urges that his First Amendment rights were violated because he "was mandated by a state law that has since been ruled unconstitutional to either pay dues or pay their virtual equivalent in agency fees." Pl. Opp. at 7 (Dkt. 76). To the contrary, Plaintiff made a voluntary choice to sign a UTLA membership agreement based on the options available at the time, just as the defendant in *Brady v. United States*, 397 U.S. 742 (1970), made a voluntary decision to plead guilty (and could not renege on his plea agreement) even though he could have faced the death penalty, under a statute later held unconstitutional, if he had gone to trial. *See* UTLA Opp. at 8-13 (Dkt. 77).

Prior to the Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018), fair-share fees could be collected only to cover the costs of collective bargaining, so fair-share fees were less than membership dues. JSUF ¶14 (Dkt. 71); UTLA SJ Mot. at 14 (Dkt. 72-1). The existence of fair-share fees did not force Plaintiff to join UTLA and pay more in dues. UTLA SJ Mot. at 14 (Dkt. 72-1) (citing cases); *see also Oliver*, 2019 WL 5964778, at *3 ("Plaintiff may now regret the bargain she struck with the Union by choosing to become a member, but such later regret does not suffice to show that her past choice was unlawfully coerced or compelled.").

**B.** Contrary to Plaintiff's contention, Pl. Opp. at 8-10 (Dkt. 76), there was no "mistake of law" in the sense that phrase is used for purposes of contract law. *See* UTLA Opp. at 13-15 (Dkt. 77); *see also Janus v. AFSCME, Council 31*, __F.3d__, 2019 WL 5704367, at *11 (7th Cir. Nov. 5, 2019) ("*Janus II*") ("Neither

CMS nor AFSCME made any mistake about the state of the law during the years between 1982 and June 27, 2018 …. *Abood* was the operative decision from the Supreme Court from 1977 onward, until the Court exercised its exclusive prerogative to overrule that case.").

**C.** While it is not necessary to reach this issue, Plaintiff is wrong that his own voluntary payment of dues to UTLA qualifies as "state action" for purposes of 42 U.S.C. §1983. *See* Pl. Opp. at 8-10 (Dkt. 76). When the government merely honors voluntary private choices, that does not transform those private choices into state action. UTLA Opp. at 9 n.4 (Dkt. 77); UTLA SJ Mot. at 16-18 (Dkt. 72-1); *see also Oliver*, 2019 WL 5964778, at *4-6 (holding that a union that collected dues through payroll deduction, pursuant to the plaintiff's voluntary membership agreement, was not a state actor for purposes of a §1983 claim).

In *Janus II* and the other fair-share fee cases that Plaintiff relies upon, the government *required* public employees to pay fair-share fees as a condition of public employment. That was the challenged state action. Unions were sued in those cases under §1983 as joint participants in that state compulsion. By contrast, California makes union membership voluntary. When employees voluntarily join unions and authorize the deduction of union dues, there is no state compulsion to challenge and, therefore, no basis for treating unions that receive voluntary membership dues as state actors.[2]

---

[2] Plaintiff cites to the wrong ruling in *O'Callaghan v. Regents of the University of California*, No. 19-2289 (C.D. Cal.). *See* Pl. Opp. at 10 (Dkt. 76). In the ruling that Plaintiff meant to cite, *O'Callaghan*, Dkt. 69 (September 30, 2019), the Court did find state action—and then ruled for the union on other grounds. In that case, however, the union and public employer had jointly entered into a collective bargaining agreement that restricted when union members could cancel their payroll deductions. *See id.* at 2. Here the school district merely honors private contracts, which does not turn the contract terms into state action. Moreover, Plaintiff concedes that he has no claim for post-resignation dues, *see supra* at 1.

# CONCLUSION

For the foregoing reasons, summary judgment should be granted in favor of UTLA on Plaintiff's remaining claim.

Dated:  November 22, 2019          Respectfully submitted,

                         By:   */s/Scott A. Kronland*
                              Scott A. Kronland

SCOTT A. KRONLAND
P. CASEY PITTS
ALTSHULER BERZON LLP

IRA L. GOTTLIEB
BUSH GOTTLIEB, A Law Corporation

*Attorneys for Defendant*
*United Teachers Los Angeles*